```
                    IN THE UNITED STATES DISTRICT COURT

                          FOR THE DISTRICT OF HAWAII

EVERETT SPEARS,                    )   CIVIL NO. 12-00218 SOM-RLP
                                   )
         Plaintiff,                )   ORDER DISMISSING WITH PREJUDICE
                                   )   § 1983 AND STATE TORT CLAIMS
    vs.                            )   FOR MONEY DAMAGES AGAINST THE
                                   )   STATE OF HAWAII, DEPARTMENT OF
THE STATE OF HAWAII, HAWAII        )   PUBLIC SAFETY, AND THE
DEPARTMENT OF PUBLIC SAFETY;       )   INDIVIDUALS IN THEIR OFFICIAL
HAWAII; TANI DYDASCO; THOMAS       )   CAPACITIES, AS WELL AS ALL
L. REED; JOHN DOE DEFENDANTS       )   § 1983 CLAIMS BASED ON ALLEGED
1-10; JANE DOE DEFENDANTS 1-       )   VIOLATIONS OF STATE LAW; ORDER
10,                                )   DISMISSING WITHOUT PREJUDICE
                                   )   THE PROSPECTIVE INJUNCTIVE
         Defendants.               )   RELIEF CLAIMS UNDER § 1983;
_____    )   ORDER GRANTING PLAINTIFF'S
                                       APPLICATION TO PROCEED WITHOUT
                                       PREPAYMENT OF FEES
```

**ORDER DISMISSING WITH PREJUDICE § 1983 AND STATE TORT CLAIMS FOR MONEY DAMAGES AGAINST THE STATE OF HAWAII, DEPARTMENT OF PUBLIC SAFETY, AND THE INDIVIDUALS IN THEIR OFFICIAL CAPACITIES, AS WELL AS ALL § 1983 CLAIMS BASED ON ALLEGED VIOLATIONS OF STATE LAW; ORDER DISMISSING WITHOUT PREJUDICE THE PROSPECTIVE INJUNCTIVE RELIEF CLAIMS UNDER § 1983; ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES**

Plaintiff Everett Spears filed a Complaint on April 24, 2012, asserting claims under 42 U.S.C. § 1983 and under state law against the State of Hawaii, the State of Hawaii Department of Public Safety ("DPS"), and DPS employees Tani Dydasco and Thomas L. Read.[1] Plaintiff also filed an Application to Proceed Without Prepayment of Fees ("Application"). Pursuant to § 1915(e)(2), this court screens Spears's Complaint in connection with reviewing the Application.

---

[1]The Complaint's caption misspells this Defendant as "Thomas L. Reed," rather than "Thomas L. Read."

After carefully reviewing Spears's submissions and the relevant legal authority, the court dismisses with prejudice the § 1983 claims for money damages to the extent they are asserted against the State of Hawaii, DPS, and the employees in their official capacities or based on alleged violations of state law. The court dismisses without prejudice the prospective injunctive relief claims asserted under § 1983 because the Complaint fails to adequately allege what injunctive relief is necessary or appropriate. The court grants Spears leave to file an Amended Complaint no later than June 12, 2012, that clarifies the injunctive relief sought. This order leaves for further adjudication Spears's § 1983 and state-law claims against the individual employees in their individual capacities.

The court grants the Application.

## II.	BACKGROUND.

Spears's Complaint contains allegations related to an alleged miscalculation of his state-court sentence. Although the Complaint is not entirely clear, it appears that Spears was sentenced in 2001 to one year in jail and five years of probation for assault. Spears had a plea agreement. Compl. ¶¶ 9-10. Spears alleges that Judge Joseph E. Cardoza of the Circuit Court of the Second Circuit, State of Hawaii, issued a written order that gave Spears 73 days credit for having been incarcerated with respect to a different charge. Id. ¶¶ 10, 12. Spears alleges

that Defendants Dydasco and Read ignored Judge Cardoza's order by failing to give Spears such credit, causing Spears to serve 73 days of unwarranted incarceration. Id. ¶ 11. Spears alleges that he was not released until July 27, 2010, when he should have been released on May 13, 2010.[2] Id. ¶ 14.

Spears asserts six claims in his Complaint. First, Spears asserts a claim against all Defendants under 42 U.S.C. § 1983 for "unlawful imprisonment" in violation of his Eighth Amendment rights. Id. ¶¶ 17-23. Second, Spears asserts a § 1983 claim against all Defendants for violation of his Fourteenth Amendment due process and equal protection rights. Id. ¶¶ 24-26. Third, Spears asserts a § 1983 claim against DPS and Defendants John and Jane Does 1-10 and "their respective departments" for "negligent failure to supervise" in violation of his Eighth and Fourteenth Amendment rights. Id. ¶¶ 27-30. Fourth, Spears asserts a § 1983 claim against all Defendants for "deliberate indifference" in violation of his Eighth and Fourteenth Amendment rights. Id. ¶¶ 31-34. Spears's fifth and sixth claims are asserted against all Defendants for state tort claims of false arrest and intentional infliction of emotional distress.

Spears's Application indicates that he receives only approximately $358 per month in welfare payments, that he has

---

[2]The Court notes that there are 75 days between these two dates, not the 73 days stated in the Complaint.

monthly financial obligations of approximately $290, and debts of over $20,000.  Id. at 2.

**III.    ANALYSIS.**

The Ninth Circuit has recognized that in forma pauperis proceedings are not limited to those filed by prisoners.  See Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Under § 1915(e), the court must subject every in forma pauperis proceeding to mandatory screening, and order the dismissal of the case if it determines that it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); Lopez, 203 F.3d at 1126–27 (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an in forma pauperis complaint that fails to state a claim).  This court has noted on several occasions that § 1915(e) allows the dismissal of claims, not just the entire complaint.  See, e.g., Mailo v. Crail, 2012 WL 84324 (D. Haw., Jan. 11, 2012) (Seabright, J.); Spagnolo v. United States Social Sec. Admin., 2011 WL 4433094 (D. Haw., Aug. 30, 2011) (Puglisi, Mag. J.); Ball v. Tate-Ball, 2011 WL 2457664 (D. Haw., June 16, 2011) (Ezra, J.).  Other courts interpreting § 1915(e)(2) have noted that it allows dismissal of only portions of a complaint.  See, e.g., Bey v. City of New York Dep't of Fin., 2012 WL 441258 (E.D.N.Y., Feb. 10, 2012); Harris v.

4

Russell, 2012 WL 684455 (W.D. Ark., Feb. 6, 2012); Patterson v. NBC Universal, Inc., 2011 WL 3163239 (W.D. Ky., July 26, 2011); DeMillard v. Municipality of Denver, Co., 2011 WL 900827 (D. Colo., Mar. 11, 2011); Givens v. Oman & Emirates Inv. Holding Co., 2010 WL 2545186 (S.D. Ohio, June 17, 2010); Brown v. Smicle, 2010 WL 382483 (D. Conn., Jan. 27, 2010); Steinmetz v. United States Congress, 2007 WL 1576721 (D. Mont., May 30, 2007); D'Alessandro v. Progressive N. Ins. Co., 2006 WL 3827448 (D. Del., Nov. 15, 2006).

### A. Spears's 42 U.S.C. § 1983 Claims for Money Damages Against the State of Hawaii, DPS, and the Individuals in their Official Capacities, as well as Any § 1983 Claim Based on State Law, Are Dismissed With Prejudice.

Plaintiff asserts three claims against all Defendants under 42 U.S.C. § 1983. Specifically, he asserts § 1983 claims for "unlawful imprisonment" in violation of his Eighth Amendment rights, for violation of his Fourteenth Amendment due process and equal protection rights, and for "deliberate indifference" in violation of his Eighth and Fourteenth Amendment rights. Compl. ¶¶ 17-23, 24-26, 31-34. Spears also asserts state-law claims. These claims are dismissed with prejudice with respect to Defendants State of Hawaii, DPS, and Dydasco and Read in their official capacities.

States, state agencies, and state officials sued in their official capacities are not persons subject to civil rights

5

suits under 42 U.S.C. § 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58, 64-66 (1989). Accordingly, Spears's constitutional claims against the State of Hawaii, DPS, and Defendants Dydasco and Read in their official capacities are dismissed with prejudice, as there is no possible way to amend these claims to make them viable.

To the extent Spears is alleging § 1983 violations based on state law, including but not limited to the Hawaii constitution, (see Compl. at 1, 12-13), those claims fail as a matter of law and are dismissed with prejudice with respect to all Defendants. Section 1983 is a vehicle for seeking redress for violations of only federal law. See Cornejo v. County of San Diego, 504 F.3d 853, 855 n.3 (9th Cir. 2007) ("We note that a claim for violation of state law is not cognizable under § 1983."); Campbell v. Burt, 141 F.3d 927, 930 (9th Cir. 1998) ("As a general rule, a violation of state law does not lead to liability under § 1983."); Ybarra v. Bastian, 647 F.2d 891, 892 (9th Cir. 1981) ("Section 1983 protects against the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws.' Only federal rights, privileges, or immunities are protected by the section. Violation of state law alone are insufficient."); Alston v. Read, 678 F. Supp. 2d 1061, 1074 (D. Haw. 2010) ("Section 1983 is a remedy for violations of certain federal rights. Violations of state law (including a

6

state constitution), however, are not cognizable under Section 1983." (citing Moreland v. Las Vegas Metro. Police Dep't, 159 F.3d 365, 371 (9th Cir. 1998))), reversed on other grounds, 663 F.3d 1094 (9th Cir. 2011); see also Kahle v. Villaflor, Civil No. 10-00764 LEK-KSC, 2012 WL 253123, at *14 (D. Haw. Jan. 26, 2012).

Additionally, the court notes that the Eleventh Amendment prohibits federal jurisdiction over suits against a state or a state agency unless the state or agency has consented to the suit. See Seminole Tribe of Fla v. Fla., 517 U.S. 44, 54 (1996). State officers acting in their official capacities receive the same immunity as the government agency that employs them. Hafer v. Melo, 502 U.S. 21, 26 (1991). Thus, the State of Hawaii, DPS, and Defendants Dydasco and Read in their official capacities have Eleventh Amendment immunity with respect to Spears's § 1983 claims. See Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ., 616 F.3d 963, 967-68 (9th Cir. 2010).

The Eleventh Amendment similarly bars all of Spears's state-law claims against the State of Hawaii and DPS. They must be dismissed with prejudice because "[t]he Eleventh Amendment bars suits against a state or its agencies, regardless of the relief sought, unless the state unequivocally consents to a waiver of its immunity." Yakama Indian Nation v. Wash. Dep't of Revenue, 176 F.3d 1241, 1245 (9th Cir. 1999). This bar extends

to state officers acting in their official capacities.  Will, 491
U.S. at 71.  Although the State of Hawaii has consented to suit
in tort actions under Chapter 662 of the Hawaii Revised Statutes,
that consent only applies to cases brought in the state courts of
Hawaii, not to cases brought in federal court.  See Pahk v. Haw.,
109 F. Supp. 2d 1262, 1268 (D. Haw. 2000).  Because no possible
amendment of the state-law claims with respect to the State of
Hawaii, DPS, and Defendants Dydasco and Read in their official
capacities would make the claims viable, those claims are
dismissed with prejudice.

**B.   Spears's 42 U.S.C. § 1983 claims for Prospective Injunctive Relief Are Dismissed Without Prejudice.**

Although Defendants Dydasco and Read are immune from
§ 1983 claims for damages in their official capacities, they may
be sued under § 1983 in their official capacities "for
prospective declaratory and injunctive relief . . . to enjoin an
alleged ongoing violation of federal law."  Aqua Caliente Band of
Cahuilla Indians v. Hardin, 223 F.3d 1041, 1045 (9th Cir. 2000).
It is unclear from the Complaint what prospective declaratory and
injunctive relief Spears may be seeking.  See Compl. at 12-13.
Spears's request for relief states that he is seeking
"declamatory [sic] judgment against the defendants for the
violations of the Plaintiff's rights under the United States
Constitution and Hawaii Constitution . . . and state law" and
"injunctive relief for damages caused by defendants mentally and

8

physically present and damages plaintiff may sustain in the future from the wrong doing of the defendants." Id.  Because the Complaint does not identify the prospective declaratory and injunctive relief it may be seeking, as opposed to a declaration that Spears's constitutional rights were violated in the past, the requests for prospective declaratory and injunctive relief against Dydasco and Read in their official capacities are dismissed.  This dismissal is without prejudice to the reinstitution of these allegations if clarified.  Spears may file an Amended Complaint no later than June 12, 2012, reasserting clarified § 1983 claims for such relief.

> **D. Spears's Claims for Damages Against Dydasco and Read in Their Individual Capacities Remain for Adjudication.**

The Eleventh Amendment does not bar damage claims against state officials sued in their individual capacities.  The § 1983 and state-law claims against Dydasco and Read in their individual capacities remain for adjudication. See Hafer v. Melo, 502 U.S. 21, 25 (1991).  In allowing these claims to proceed, this court is not ruling on whether the individuals have qualified immunity with respect to Spears's claims of overdetention.  See Alston v. Read, 663 F.3d 1094 (9th Cir. 2011); Alexander v. Perrill, 916 F.2d 1392 (9th Cir. 1990).  Defendants, of course, have the burden of establishing qualified immunity or other affirmative defenses.

**IV.     THE COURT GRANTS SPEARS'S APPLICATION.**

For purposes of determining whether to grant an application to proceed without prepayment of fees, "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., Inc., 335 U.S. 331, 339 (1948) (internal quotations omitted). Spears's Application reflects that he receives welfare benefits, has significant financial obligations, and does not have any assets of value. Appl. at 1-2. As detailed above, the court has dismissed a number of Spears's claims. However, because at least one claim remains for adjudication, the court grants Spears's Application. Based on the information provided in the Application, the Court finds that Spears has demonstrated that he is unable to prepay court fees.

**V.      CONCLUSION.**

For the reasons stated above, the court dismisses all of Spears's claims, except for the damage claims asserted against Dydasco and Read in their individual capacities. As noted above, Spears may file an Amended Complaint no later than June 12, 2012, that clarifies his prospective injunctive relief claim.

The court also grants Spears's Application, which seeks leave to proceed without prepayment of fees.

IT IS SO ORDERED.

DATED: Honolulu, May 31, 2012.



       /s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

**Spears v. the State of Hawaii, et al.**, Civil No. 12-00218 SOM-RLP; ORDER DISMISSING WITH PREJUDICE § 1983 AND STATE TORT CLAIMS FOR MONEY DAMAGES AGAINST THE STATE OF HAWAII, DEPARTMENT OF PUBLIC SAFETY, AND THE INDIVIDUALS IN THEIR OFFICIAL CAPACITIES, AS WELL AS ALL § 1983 CLAIMS BASED ON ALLEGED VIOLATIONS OF STATE LAW; ORDER DISMISSING WITHOUT PREJUDICE THE PROSPECTIVE INJUNCTIVE RELIEF CLAIMS UNDER § 1983; ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES