IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| EVERETT SPEARS, | ) | Civ. No. 12-00218 SOM/RLP |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DISMISSING ACTION WITH |
| vs. | ) | RESPECT TO THOMAS L. READ |
| | ) | |
| THE STATE OF HAWAII, HAWAII | ) | |
| DEPARTMENT OF PUBLIC SAFETY; | ) | |
| TANI DYDASCO; THOMAS L. READ, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DISMISSING ACTION WITH RESPECT TO THOMAS L. READ**

**I.      INTRODUCTION.**

Plaintiff Everett Spears asserts that he was held in prison 73 days longer than he should have been. On April 24, 2012, Spears filed the Complaint in this matter, asserting claims under 42 U.S.C. § 1983 and under state law against the State of Hawaii Department of Public Safety and its employees, Tani Dydasco and Thomas L. Read. *See* ECF No. 1. *See* ECF No. 1. On May 31, 2012, this court dismissed all of Spears's claims except for the damage claims asserted against Dydasco and Read in their individual capacities. *See* ECF No. 13. On November 8, 2017, the court dismissed the remaining claims with respect to Dydasco and issued an order to show cause why the action should not be dismissed with respect to Read pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. *See* ECF No. 111. On November 17, 2017, Spears responded to the order to show cause, asking for

leave to serve Read. *See* ECF No. 113. Because Spears has failed to demonstrate good cause for his failure to timely serve Read, and because the court declines to exercise its discretion to allow service under the circumstances presented, the court dismisses the action with respect to Read.

**II.     ANALYSIS.**

Rule 4(m) of the Federal Rules of Civil Procedure governs the issue of timely service, providing in relevant part,

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Rule 4(m) contains mandatory and discretionary components. Rule 4(m) requires a district court to grant an extension of time to serve a defendant when the plaintiff shows good cause for the delay. *See Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007); *see also in re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). "Good cause" for the delay means "at a minimum . . . excusable neglect." *In re Sheehan*, 253 F.3d at 512 (alterations, quotation marks, and citation omitted).

Spears lacks "good cause" for the delay in serving Read. Read has not been served even though the Complaint was filed more than five years ago. Although this case was stayed at

2

Spear's request, Spears acknowledges that he has delayed service for 23 months while the case was not stayed. *See* ECF No. 113, PageID # 835 ("There is only a 23 month delay excluding the time of the 4 year Court approved stay."). As noted in the order to show cause, Spears had previously told the court that he had been unable to serve Read because he did not know Read's address, but had conceded that he had not sought Read's address through discovery. In counsel's declaration, ECF No. 113-1, she states that she had previously requested Read's address but was not told what the address was. But Spear's counsel does not indicate when she asked for the address. If, for example, she asked for the address in 2012 but failed to follow up thereafter, Spears can hardly argue that that lack of diligence shows "good cause" for the delay.

Spears's failure to serve Read may have been because he believed Read was no longer part of this action. In a June 16, 2017, status report, for example, Spears stated, "Thomas L. Reed [sic] and the Dpt. Of Public Safety are no longer parties in this law suit as the Court dismissed them in Summary Judgment Order dated 6-19-13." ECF No. 91, PageID # 635. On August 9, 2017, Spears similarly stated, "The persons involved who did not release him included Tani Dydasco, the remaining Defendant." ECF No. 97, PageID # 711. This misunderstanding with respect to whether Read was still a potential defendant was not justified by

3

the record and provides further grounds for a finding that Spears lacked "good cause" for the delay in serving Read.

When "good cause" is lacking for a delay in serving a defendant, Rule 4(m) permits a district court to exercise "broad discretion" to grant an extension of time to serve the defendant. *See Williams*, 473 F.3d at 1040; *see also In re Sheehan*, 253 F.3d at 513 (when good cause is lacking, a district court has the discretion "to extend the time for service or to dismiss the action without prejudice"). In exercising its "broad discretion," a district court may consider factors "like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Williams*, 473 F.3d at 1041 (quotation marks and citation omitted). This court declines to exercise its discretion to allow service as to Read under the circumstances.

Although Spears contends that this court should exercise its discretion and allow service because Read likely had notice of this action, that contention is unconvincing. At most, the record reflects that the State of Hawaii moved to dismiss the claims against Read in his official capacity, as those were claims against the State of Hawaii. Nothing in the record establishes that Read actually had notice of this action. Nor does the record demonstrate that Read, who had been sued in similar cases, "absconded and left the State of Hawaii." ECF No.

4

113, PageID # 834. The record simply establishes that Read "moved to Utah." See ECF No. 113-2, PageID # 839.

The factor best supporting the granting of leave for Spears to serve Read at this late juncture is that the applicable limitations periods for Spears's claims has likely run. Seven years have passed since Read's alleged conduct of sending a letter to Spears telling Spears that the Department of Public Safety would be asking a judge for clarification as to the pretrial credit that Spears was entitled to, as well as sending such a letter to the judge. This length of time actually weighs against allowing late service, as Read is likely to be prejudiced by the fading of memories of the events is issue. This delay was caused, at least in part, by Spears's failure to ask for Read's address or to follow up on any request made. Given the age of this case and Spears's lack of diligence is seeking to serve Read, the court declines to exercise its discretion and allow service.

The court notes that, even if it were to allow service, that exercise would likely be futile. For the reasons set forth in this court's order of November 8, 2017, Read would likely be immune from the claims asserted. That factor also supports this court's refusal to exercise its discretion to allow service of Read.

5

**III. CONCLUSION.**

For the foregoing reasons, the court declines to grant Spears leave to serve Read. Instead, the court orders this action dismissed without prejudice with respect to Read.

Because no claims remain for adjudication, the court directs the clerk of court to enter judgment in favor of Defendants and to close this case.

IT IS SO ORDERED.

Dated: Honolulu, Hawaii, December 1, 2017.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Spears v. State of Hawaii Department of Public Safety*, Civ. No. 12-00218 SOM/RLP; ORDER DISMISSING ACTION WITH RESPECT TO THOMAS L. READ